UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MAXINE BLEAKLY,

    Plaintiff,

  v.

SIERRA CINEMAS, INC., a California Corporation; LOKATE, LLC, a California Limited Liability Company; and DOES 1 through 100, inclusive,

    Defendants.

CASE NO. CIV. S-07-052 WBS DAD

ORDER

----oo0oo----

   Plaintiff Maxine Bleakly alleges that defendants Sierra Cinemas, Inc. and Lokate, LLC violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and various California statutes in the course of operating a movie theater. Having structurally modified the movie theater, defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56.

   When a defendant remedies the challenged conditions to bring them within ADA compliance, a plaintiff's ADA claim becomes

1

moot and the defendant is entitled to summary judgment. <u>Grove v. De La Cruz</u>, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005); <u>see also</u> <u>Indep. Living Res. v. Or. Arena Corp.</u>, 982 F. Supp. 698, 771 (D. Or. 1997) ("If plaintiffs already have received everything to which they would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that these plaintiffs will again be subjected to the same alleged wrongful conduct by this defendant.").

In Plaintiff's Opposition, at page 2, lines 7 through 16, she concedes that as a result of the modifications defendant has made to the movie theater her ADA claim is now moot. The parties do not dispute that summary judgment on plaintiff's ADA claim in favor of defendants is warranted. Accordingly, the court must grant defendants' motion for summary judgment with respect to plaintiff's ADA claim.

Because plaintiff's only federal claim – the request for injunctive relief under the ADA – is no longer at issue, the court is obligated to hear the remaining state law claims only if it retains federal question jurisdiction. If such original jurisdiction is lacking, the court must decide whether to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c).

1.  <u>Federal Question Jurisdiction</u>

Pursuant to 28 U.S.C. § 1331, federal courts "have original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Clear examples of such "federal question" cases include

2

those in which federal law creates a cause of action. <u>Merrell Dow Pharms. Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986). A case may also arise under federal law where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." <u>Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 13 (1983).

Nonetheless, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." <u>Merrell Dow</u>, 478 U.S. at 813. Rather, courts should approach the issue of federal question jurisdiction as one requiring "sensitive judgments about congressional intent, judicial power, and the federal question." <u>Id.</u> at 810. Thus, courts look both to congressional intent and the nature of the federal interest at stake when determining the propriety of federal question jurisdiction. <u>Id.</u>

Here, plaintiff's state law claims pertain to California's Unruh Civil Rights and Disabled Persons Acts, both of which incorporate federal ADA law prohibiting discrimination against disabled persons. <u>See</u> Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the [ADA] shall also constitute a violation of this section."); <u>id.</u> § 54(c) ("A violation of the right of an individual under the [ADA] also constitutes a violation of this section."). However, even though they are predicated on a violation of federal law, plaintiff's state law claims do not arise under federal law.

<u>Wander v. Kaus</u>, 304 F.3d 856 (9th Cir. 2002), is nearly indistinguishable from the instant matter. In <u>Wander</u>, the

3

plaintiff alleged that certain structural barriers at defendants' store discriminated against disabled persons in violation of the ADA and various California statutes, including the Disabled Persons Act. Id. at 857. The plaintiff's request for injunctive relief under the ADA became moot when the defendants sold the property, leaving only the plaintiff's state-law claims based on alleged ADA violations. Id. After reviewing the congressional history[1] in combination with the United States Supreme Court's opinion in Merrell Dow,[2] the Ninth Circuit held that Congress did not intend the ADA to create a private right of action for its violation. Id. at 859. Rather, Congress's choice to foreclose a private right of action in the ADA was "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently substantial to confer federal question

---

[1] Because the ADA specifically allows the Attorney General to pursue civil penalties and nowhere provides private plaintiffs with a similar right, it is evident that Congress sought to limit the damages available under the statute. 42 U.S.C. § 12188(b)(2)(B) (monetary damages available only "when requested by the Attorney General"). Further, under the ADA "[t]he court does not have authority to award monetary damages in situations where such relief is not requested by the Attorney General." H.R. Rep. No. 101-485 (III), at 68 (1990), reprinted in 1990 U.S.C.C.A.N. 445, 491. Thus, Congress not only failed to provide a private right to recover damages in the ADA, but explicitly rejected this right. Any judicial recognition of a federal question based on state laws that provide a private right of action would flout congressional intent.

[2] In Merrell Dow, the alleged misbranding of a drug in violation of the Federal Food, Drug, and Cosmetic Act (FDCA) was expected to be relevant in an analysis of a plaintiff's state law negligence claim. 478 U.S. at 810-22. However, the United States Supreme Court held that the fact that the federal definition of misbranding would be at issue did not transform a state law claim into a federal question, especially in light of Congress's decision to deny a private, federal right to sue for a violation of the FDCA. Id. at 819.

4

jurisdiction." Id. (citing Merrell Dow, 478 U.S. at 813). The Ninth Circuit accordingly affirmed the district court's refusal to recognize federal question jurisdiction and additional decision not to exercise supplemental jurisdiction, therein dismissing the remaining state law claims.

Similarly, this court has twice recognized that while a plaintiff whose rights are violated under the ADA may still seek damages under state law claims, federal question jurisdiction is not created just because the violations are an element of the state law claims. See Martinez v. Del Taco, Inc., No. 05-1418, 2006 WL 355194, *4-*5 (E.D. Cal. Feb. 14, 2006)(dismissing state law claims predicated on ADA violations when defendants ceased all business operations, thereby rendering plaintiff's actual ADA claim moot); Pickern v. Best Western Timber Cove Lodge, 194 F. Supp. 2d 1128, 1133 (E.D. Cal 2002) (dismissing state law claims predicated on ADA violations after defendants mooted plaintiff's ADA claim by removing inaccessible bath tubs and installing pre-fabricated, roll-in showers).

Accordingly, there remains "no federal-question jurisdiction over a lawsuit for damages brought under California's [statutes], even though the California statute[s] make[] a violation of the [ADA] a violation of state law." Wander, 304 F.3d at 857.

2.  Supplemental Jurisdiction

Because there is no federal question jurisdiction over plaintiff's remaining state law claims, the court is free to consider whether to exercise supplemental jurisdiction. Pickern, 194 F. Supp. 2d at 1133. Under 28 U.S.C. § 1367(c)(3), a

5

district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."). Factors for a court to consider in deciding whether to dismiss supplemental state claims include judicial economy, convenience, fairness, and comity. Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992).

"[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) overruled on other grounds by Acri, 114 F.3d at 1000. Indeed, some circuits have gone even farther and held that, absent extraordinary or unusual circumstances, federal courts should not retain jurisdiction. See, e.g., Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1255 (6th Cir. 1996); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993).

While cognizant that litigation of a new suit in state court may somewhat inconvenience the parties, the court notes that neither party has made a showing of extraordinary or unusual

6

circumstances.[3]  In fact, the only federal claim was settled well before any substantial litigation ensued.  Accordingly, the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) as to the remaining state law claims.

   IT IS THEREFORE ORDERED that defendants' motion for summary judgment on plaintiff's ADA claim be, and the same hereby is, GRANTED.

   IT IS FURTHER ORDERED that plaintiff's remaining claims be, and the same hereby are, DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3), and this action is hereby DISMISSED.

DATED:  January 7, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3]  Neither party opposes dismissal of the remaining state law claims.  (See Pl.'s Opp'n to Defs.' Mot. for Summ. J. 1:26-28 ("Given that the ADA violation has been fixed . . . this case should be dismissed and remaining issues dealt with in state court."); Defs.' Reply in Supp. of Mot. for Summ. J. ("[T]he court should decline to exercise predent jurisdiction and dismiss the remaining causes of action.").)  Thus, standard party arguments often associated with such dismissals--e.g., the inconvenience of refiling, litigating in remote state court locations, etc.--are not readily apparent.